IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EZEKIAL SMITH,

    Plaintiff,

v.                                                                       No. CV 12-0699 WJ/GBW

STATE OF NEW MEXICO DEPARTMENT
OF CORRECTIONS,
CORRECTIONAL MEDICAL SERVICES, ET AL.,
WESTERN NEW MEXICO CORRECTIONAL FACILITY,
WARDEN ROBERT STEWART,
OFFICER MELISSA ORTIZ,
OFFICER CODIE,
OFFICER GUTTEREZ,
OFFICER BRADSHAW,
DR. DEMING,
OFFICER WHITEHORSE,
OFFICER MOORE,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Motion for Writ of Habeas Corpus. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.

    Plaintiff's Motion invokes 28 U.S.C. § 2241 and 42 U.S.C. § 1983, asserts that Plaintiff's incarceration is in violation of the Constitution, and makes factual allegations of unconstitutional conditions of confinement. For relief, the pleading asks for damages and equitable relief. The Court construes the Motion as a civil rights complaint. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992). For reasons set out below, certain of Plaintiff's

claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint names a number of Defendants and raises claims of denial of medical treatment and unsanitary living conditions. Specifically, Plaintiff alleges that Defendant Deming has failed to provide proper treatment for problems with Plaintiff's prosthetic device. He also alleges that Defendant Codie has caused him to be confined in unsanitary conditions that have aggravated these conditions. Furthermore, he alleges that Defendant Ortiz has subjected him to retaliatory transfers, which have also aggravated his conditions.

Other than the three Defendants noted above, the complaint makes no factual allegations against the named Defendants affirmatively linking them to the asserted deprivations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state

official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* "We have said that a plaintiff cannot establish liability under § 1983 merely by showing that the defendant was in charge of others who may have committed a constitutional violation. Instead, the plaintiff must establish a 'deliberate, intentional act by the supervisor to violate constitutional rights.' " *Phillips v. Tiona*, No. 12-1055, 2013 WL 239891, at \*6 (10th Cir. Jan. 23, 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010)). The Court will dismiss Plaintiff's claims against Defendants other than Deming, Ortiz, and Codie.

The Court notes that Plaintiff previously filed a complaint (with three co-plaintiffs) in *Smith v. Correctional Medical Services, et al.*, No. CV 11-1085 RB/CEG. The earlier complaint named most of the Defendants that are named in the instant complaint and alleged that Plaintiff suffered severe pain after his medications were changed. One of his allegations was that his right leg had become inflamed. He received prompt treatment and was transferred to a long-term medical unit at another facility. The Court dismissed Plaintiff's claims in the earlier action for failure to allege an Eighth Amendment claim. To the extent that Plaintiff's claims in this new action could have been raised in his earlier complaint, the new claims may be barred by the doctrine of res judicata, *see Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999), or by the related prohibition of claim splitting, *see Katz v. Gerardi*, 655 F.3d 1212, 1217-19 (10th Cir. 2011). It appears that factual development is required for adjudication of this threshold issue.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants State Of New Mexico Department Of Corrections, Correctional Medical Services, Western New Mexico Correctional Facility, Stewart, Gutterez, Bradshaw, Whitehorse, and Moore are DISMISSED; and Defendants State Of New Mexico Department Of Corrections, Correctional Medical Services,

Western New Mexico Correctional Facility, Stewart, Gutterez, Bradshaw, Whitehorse, and Moore are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Ortiz, Codie, and Deming.

_____
UNITED STATES DISTRICT JUDGE