IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EZEKIAL SMITH,

    Plaintiff,

v.                                                                    Civ. No. 12-699 WJ/GBW

MELISSA ORTIZ, FNU CODIE,
and FNU DEMING,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND

This matter comes before the Court on Plaintiff's motion to amend his complaint. *Doc. 40*. The Court finds the motion well-taken and grants it.

Amendments of pleadings are governed by Federal Rule of Civil Procedure 15. Where, as here, the time for amending as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Because Plaintiff is proceeding *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

1

Cir. 1991). While it is not proper for the Court to advocate on Plaintiff's behalf, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*.

Plaintiff seeks to add a new defendant, Norbert Graff;[1] supplement the facts stated in his original complaint; and add additional claims under the New Mexico Constitution and the Americans with Disabilities Act (ADA). *Id*. Defendants oppose the motion on three grounds. They first argue that Plaintiff violated Local Rule 15.1 by failing to attach a proposed amendment to his motion. *Doc. 44* at 2. Upon review of Plaintiff's briefing, it is clear that Plaintiff's motion itself encompasses the amendments he wishes to make to his complaint. *See doc. 40* at 1 ("I . . . file this complaint . . . to include more or different facts or add a new legal claim and to verify the facts and support Plaintiff['s] version of [the] original complaint."). In light of his *pro se* status, the Court will forgive his failure to strictly comply with the Local Rules.

Defendants' second argument is that the motion fails to state grounds for relief with particularity as required by Federal Rule of Civil Procedure 7(b)(1)(B). *Doc. 44* at 2-3. They claim that it is "unclear who Plaintiff is referring to in his motion and which

---

[1] Plaintiff lists the Department of Corrections as a defendant in the heading of his motion. The Court dismissed Plaintiff's claims against the New Mexico Department of Corrections in its prior order for failure to state a claim (*doc. 25*), and Plaintiff's motion presents no additional facts that link the Department to his alleged violations. Therefore, to the extent that Plaintiff seeks to amend his complaint to add the Department as a defendant, that amendment is denied.

allegations correspond with which defendant or proposed additional defendant." *Id*. at 2. Defendants overstate the opacity of Plaintiff's proposed amendments. Plaintiff specifies the alleged misconduct of each named defendant. For example, he accuses of Defendants Ortiz and Codie of transferring him in retaliation and subjecting him to unsanitary conditions. *Doc. 40* at 4-5. He claims that Norbert Graff improperly fitted his prosthesis and Dr. Deming refused to adjust it. *Id*. at 5-6. When Plaintiff refers to "defendants" generally—such as when he accuses them of acting with deliberate indifference to his medical needs—he appears to be referring to all four named defendants—Ortiz, Codie, Deming, and Graff. *Id*. at 2-3. In sum, Plaintiff's motion adequately alerts Defendants to the claims against them as required by Rule 7. *See Church v. Petrologic Petrol., Ltd.*, 946 F.2d 900, at *2 (10th Cir. 1991) (finding motion failed to state grounds with particularity when it "only made a general request for relief and failed to specify any factual basis whatsoever for that relief").

Third and finally, Defendants argue that the proposed amendments would be futile because "Plaintiff's new claim does not meet the basic threshold of Fed. R. Civ. P. 12(b)(6) and is incomplete, vague and conclusory at best." *Doc. 44* at 3. Unfortunately, Defendants' argument suffers from the same defect. Defendants reference Plaintiff's "new claim" but do not specify to which claim they are referring. *Id*. It could be the new claim against Norbert Graff, the new claim under the ADA, the new claim under the New Mexico Constitution, or some other claim altogether. Defendants also argue

that "Plaintiff must allege some personal involvement by a defendant in the constitutional violation." *Id*. at 3. Again, they do not specify which defendant this argument applies to. Assuming it applies to Plaintiff's proposed new defendant, Mr. Graff, the argument fails because Plaintiff has alleged clear personal involvement by Mr. Graff: he accuses Mr. Graff of improperly fitting Plaintiff with a prosthesis causing him serious pain in violation of the Eighth Amendment. *Doc. 40* at 1, 5. Defendants bear the burden of demonstrating the futility of a proposed amendment and it is not for the Court to construct Defendants' arguments for them, especially when they are represented by counsel. *See Corp. Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F. Supp. 2d 1056, 1061 (D. Colo. 2009). Their futility argument therefore fails.

In light of Plaintiff's *pro se* status, Rule 15's admonishment that leave to amend by freely given, and Defendants' failure to demonstrate the futility of the proposed amendments, Plaintiff's motion to amend is hereby GRANTED. Plaintiff's original complaint (*doc. 1*) and the instant motion (*doc. 40*) shall be read together as Plaintiff's amended complaint.

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the amended complaint, for Defendant Graff.

IT IS FURTHER ORDERED that the deadline for Defendants to file a *Martinez* Report, as ordered by the Court in *doc. 41*, shall be extended by 60 days. The Report

shall address all of the allegations in the amended complaint, including Plaintiff's new claims against Mr. Graff, under the ADA, and under the New Mexico Constitution.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE