IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EZEKIAL SMITH,

  Plaintiff,

v.          Civ. 12-699 WJ/GBW

MELISSA ORTIZ *et al.*

  Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

  This matter is before the Court on Defendants Melissa Ortiz and Cody Dunning's *Martinez* Report and Motion for Summary Judgment.  *Doc. 60*.  Having reviewed the Report and the relevant pleadings, I recommend that the Court grant summary judgment in favor of Defendants.

## I. BACKGROUND

  Plaintiff Ezekial Smith, proceeding *pro se*, is currently on parole.  *Doc. 60*, Ex.  C.  Plaintiff is physically disabled as a result of an amputated leg, for which he wears a prosthesis.  *Id.* at 7.  While Plaintiff's complaint does not reference specific dates, it appears that the genesis of his causes of action is the treatment he received between May 10-June 16, 2011,  July 26-December 15, 2011, and June 14-28, 2012, while housed at the Western New Mexico Correctional Facility (WNMCF).  *Id.* at 6-15, Ex. A.  Plaintiff claims that, during the course of his incarceration at this facility, he was subjected to

unhygienic living conditions and substandard medical care, particularly related to the treatment of his amputated leg. *See generally docs. 1* and *40.* He further contends that when he complained about his situation, prison officials retaliated against him by transferring him to the Central New Mexico Correctional Facility (CNMCF) and the Penitentiary of New Mexico (PNM). *Id.*

Plaintiff filed his action on June 27, 2012. [1] In his complaint, Petitioner raises claims for violations of his First, Eighth, and Fourteenth Amendment rights under the United States Constitution, as well as for violation of the Americans With Disabilities Act (ADA). On February 12, 2013, the Court dismissed all claims against Defendants FNU Gutierrez, FNU Moore, State of New Mexico Department of Corrections, Robert Stewart, Western New Mexico Correctional Facility, FNU Whitehorse, FNU Bradshaw and Correctional Medical Services. *See doc. 25.* The Court then issued an order for a *Martinez* Report on May 10, 2013. *Doc. 41.* Defendants Ortiz and Dunning filed their *Martinez* Report on October 4, 2013. *Doc. 60.* In the report, they request summary judgment because (1) Plaintiff has failed to state a First, Eighth, or Fourteenth Amendment claim on which relief can be granted; and/or (2) Defendants are entitled to qualified immunity; and/or (3) Plaintiff's claims are procedurally barred as "claims

---

[1] Plaintiff's complaint is titled as a writ of habeas corpus. *See doc. 1* at 1. However, in the following line, Plaintiff states that his causes of action are brought under 42 U.S.C. § 1983 and 28 U.S.C. § 2241. *Id.* The Court is obliged to construe a *pro se* plaintiff's pleadings broadly. *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). Petitioner's complaint alleges violations of his constitutional rights and federal statutory law. It does not challenge his sentence. I will therefore treat Plaintiff's complaint as proceeding under § 1983.

splitting"; and/or 4) Plaintiff has failed to exhaust administrative remedies.  *See generally*

*doc. 60*.  Because I find that Plaintiff has failed to exhaust his administrative remedies

and such failure is not excused, I need not consider the merits of Plaintiff's Complaint.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) mandates dismissal where, upon

consideration of all the briefing before the court, no genuine issue as to any material fact

exists, and, based on that briefing, the moving party is entitled to judgment as a matter

of law.  Fed. R. Civ. P. 56(a).   The Court must construe the evidence and draw all

reasonable inferences in the light most favorable to the nonmoving party.  *Reeves v.*

*Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000).

Summary judgment may be reached on the "pleadings, depositions, answers to

interrogatories, and admissions on file" alone.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324

(1986).  The moving party has the burden of demonstrating the absence of a genuine

issue of material fact.  *Id.* at 323.  Once the movant meets this burden, Rule 56(c)

requires the non-moving party to designate specific facts showing that there is a

genuine issue for trial.  *Id.* at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986);

*Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993).  The opposing party must

present more than conjecture and conclusory statements to defeat a summary judgment

motion.  *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

When evaluating the pleadings of a party proceeding *pro se*, a court must liberally construe them and should hold them to a less stringent standard than would be applied to the pleadings of a represented party.  *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991).  A court is not required, however, to assume the role of advocate for the *pro se* litigant, nor does the mere fact of appearing *pro se* alleviate the litigant's burden of presenting sufficient evidence to demonstrate a genuine factual dispute that would allow him to survive summary judgment.  *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) ("Pro se litigants are subject to the same rules of procedure that govern other litigants.").

## III.   ANALYSIS

Plaintiff contends that Defendants violated his constitutional and federal statutory rights as a disabled person when they failed to timely respond to his medical concerns in reference to his prosthesis and confined him in an unhygienic space that was not properly equipped to accommodate his disabilities.[2] *Doc.* 1 at 7.  He further complains that he was inappropriately penalized for failing to comply with the prison regulation requiring inmates to physically stand up to be counted.  *Doc.* 1 at 8. Defendants counter that Plaintiff has, among other things, failed to exhaust his administrative remedies or to demonstrate why such failure should be excused.  *Doc. 60*

---

[2] Because Defendants Ortiz and Dunning only worked at the WNMCF (*see doc. 60* at 6 n.2) I will only address the claims that appear to be related to Plaintiff's confinement at that facility.

4

at 27-30.  I agree, and for that reason recommend that Defendants' request for summary judgment be granted.

### A.    Exhaustion of Administrative Remedies

Typically, before a complaining prisoner may proceed with a § 1983 claim in federal court, the Prison Litigation Reform Act (PLRA) requires that he exhaust all available administrative remedies.   42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.") The Supreme Court has held that this provision requires "proper exhaustion" – that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."  *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).  Prisoners must exhaust all available remedies even if those remedies "appear to be futile at providing the kind of remedy sought."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Plaintiff does not contend that he has properly exhausted administrative remedies as to any of his claims.  Instead, Plaintiff requests that his failure to exhaust be waived because his administrative remedies were rendered unavailable either by Defendant Ortiz's retaliatory transfer of Plaintiff to PNM, or by the conditions of confinement at WNMCF, including Plaintiff's confinement in segregation.  *Doc. 1* at 8.

Defendants contend that Plaintiff has only set forth insufficient, conclusory allegations that he was barred from pursuing administrative remedies while confined at WNMCF. *Doc. 60* at 29.

A prisoner is only required to exhaust "available" remedies. *Tuckel v. Grover*, 660 F.3d 1249, 1252-3 (10th Cir. 2011). Where prison officials hinder a prisoner's access to administrative remedies, those remedies cease to be available and a prisoner's requirement to exhaust them is excused. *Id.* District courts are "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials" before dismissing a claim for failure to exhaust. *Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

### i.     Plaintiff's Transfers Did Not Hinder His Access to the Grievance Process

Plaintiff makes the conclusory allegation that his transfers to and from WNMCF somehow inhibited his ability to pursue the grievance process. *Doc. 1* at 7. Because the scope of this order is limited to the events at WNMCF, I will only discuss those transfers that occurred during his tenure at that facility. There are three transfers at issue: (1) Plaintiff's emergency transfer from WNMCF to CNMCF from June 16-July 26, 2011; (2) Plaintiff's medical transfer to CNCMF from January 10-June 14, 2012; and (3) Plaintiff's permanent transfer from WNMCF to PNM on July 17, 2012. *Doc. 60*, Ex. A-1. Plaintiff has failed to explain how each of these transfers prevented him from filing a grievance. Plaintiff does not allege any details about how the transfers would

have barred his access to the grievance process either at WNCMF or at the other
facilities to which he was transferred. In fact, Plaintiff did use the grievance process on
multiple occasions, and at least one grievance related to his treatment at WNCMF. *Id.*
Ex. E, E-6,7.[3]  There is no record of an appeal of these grievances (and therefore no
evidence that he has exhausted administrative remedies as to those claims). *Id.* Ex. E.
He further filed an opposition to the disciplinary action he experienced while housed at
WNMCF when he failed to stand during a head count.[4] *Id.* Each of these actions
indicates his awareness and ability to access various written administrative processes
during his residency at WNCMF.  *Id.,* Ex. E, E-1-3.  In light of these facts, I find that
Plaintiff's duty to exhaust administrative remedies cannot be excused on the basis of his
transfers.

    **ii.    Plaintiff's Conditions of Confinement Did Not Hinder His
Access to the Grievance Process**

    For the same reason, Plaintiff's argument that the conditions of confinement
themselves prevented him from utilizing the grievance process is unavailing.  *Doc. 1* at
8.  Again, Plaintiff provides no details about how the unhygienic situation in which he
was allegedly placed prevented him from filing grievances.  More importantly, as
explained in the Section 3.A.i, the conditions of Plaintiff's confinement manifestly *did*

---

[3] Plaintiff's grievance in relation to the fitting of his prosthesis lists the date of the event as
"5/30/12(ongoing→)8/20/12", and therefore includes a period of time while Plaintiff was housed at
WNMCF from June 14-July 17, 2012.   The response to said grievance indicates that Plaintiff was referred
for further medical treatment.
[4] Plaintiff's opposition to this disciplinary action was ultimately successful, and he received no
punishment for his apparent violation of prison policy.  *Doc. 60,* Ex. E.

*not* prevent Plaintiff from accessing various administrative processes, including the grievance process, on multiple occasions during the periods of his confinement at WNMCF and other New Mexico penal institutions.  I cannot therefore excuse his failure to exhaust administrative remedies on this basis.

## IV.   CONCLUSION

For the forgoing reasons, I have found that Plaintiff has failed to demonstrate the requisite exhaustion of administrative remedies under the PLRA.  I therefore recommend that Defendants' Ortiz and Dunnings' request for summary judgment be granted and Plaintiff's complaint be dismissed with prejudice as to these Defendants.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**