IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EZEKIAL SMITH,

    Plaintiff,

v.                                          Civ. 12-699 WJ/GBW

MELISSA ORTIZ *et al.*

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on a review of the record. The Court dismissed all claims against Defendants FNU Gutierrez, FNU Moore, State of New Mexico Department of Corrections, Robert Stewart, Western New Mexico Correctional Facility, FNU Whitehorse, FNU Bradshaw and Correctional Medical Services on February 12, 2013 on the basis that Plaintiff's complaint failed to make factual claims against them. *Doc. 25* at 2. Of the remaining three Defendants, Melissa Ortiz, Cody Dunning, and Norbert Graf, the Court dismissed Defendants Ortiz and Dunning on the basis that their *Martinez* Report and Motion for Summary Judgment demonstrated that Plaintiff had failed to articulate a basis on which the Court could excuse his failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *Doc. 63*. Defendant Nobert Graf has not yet filed a dispositive motion in this matter, but did file an answer raising *inter alia* the defense of failure to exhaust.

But, in light of the Court's prior ruling on Plaintiff's failure demonstrate a legitimate basis for his failure to exhaust administrative remedies, I recommend that the Court *sua sponte* dismiss Plaintiff's claims against Defendant Graf.

**I.     SUMMARY OF CLAIMS AGAINST DEFENDANT GRAF**

The factual background of this case is discussed in my initial Proposed Findings and Recommended Disposition (PFRD). *See doc. 63.* As is relevant here, Plaintiff complains of treatment he received relating to his leg prosthesis May 10-June 16, 2011, July 26-December 15, 2011, and June 14-28, 2012, while housed at the Western New Mexico Correctional Facility (WNMCF). *Id.* at 6-15, Ex. A. As to Defendant Graf, Plaintiff claims that, during the course of his incarceration at this facility, Defendant Graf fitted him with a defective prosthesis, causing injury to Plaintiff's amputated leg, and denied Plaintiff further treatment when Plaintiff complained about it. *See doc. 40* at 5-6. He provides no detail as to when or where either the improper fitting occurred, when the injury to the amputated leg became apparent, nor when or where he complained about it. He does claim that this conduct rises to deliberate indifference to his medical needs, in violation of the Eighth Amendment of the United States Constitution. *Id.* at 6.

**II.     ANALYSIS**

    **A.     *Sua Sponte* Consideration of Exhaustion**

The relevant procedural history is as follows.  Defendants Ortiz and Dunning filed a Martinez Report and a Motion for Summary Judgment on October 4, 2013.  *Doc. 60*.  The motion was based, in part, on Plaintiff's failure to exhaust administrative remedies as to any of his claims.  *Id*.  Plaintiff filed no response to the motion.  On October 30, 2013, the undersigned filed a PFRD.  *Doc. 62*.  The undersigned concluded that Plaintiff had failed to exhaust his administrative remedies.  *Id*.  Notwithstanding Plaintiff's failure to respond to the motion, the undersigned reviewed the Complaint for any evidence that would support excusal of that failure but found none.  *Id*.  Thus, the undersigned recommended dismissal of the claims against Defendants Ortiz and Dunning for failure to exhaust administrative remedies.  *Id*. at 8.  Plaintiff was advised on his opportunity to object to the findings or recommendation of the PFRD within 14 days.  *Id*.  Plaintiff filed no objections.  On November 22, 2013, the Court adopted the findings and recommendations of the PFRD and dismissed the claims against Defendants Ortiz and Dunning with prejudice.  *Doc. 63*.

    As they relate to the issue of failure to exhaust, the claims against Defendant Graf are not materially different than the claims against Defendant Ortiz or Dunning.  Thus, Plaintiff has had an ample opportunity to respond to the argument that he failed to exhaust his administrative remedies.  Defendants Ortiz and Dunning filed a motion for

3

summary judgment on that basis. The undersigned recommended dismissal of the claims against them on that basis. Plaintiff has never responded. Therefore, it is appropriate to consider the issue of failure to exhaust *sua sponte* as to the claims against Defendant Graf.[1] *See Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (court may raise exhaustion question *sua sponte* and dismiss complaint on that basis if prisoner is given opportunity to address the issue). Given Plaintiff's failure to present any further evidence or argument on this issue, the undersigned will again look to the Complaint for evidence on exhaustion or excusal thereof.

    **B.**    **Exhaustion of Administrative Remedies**

Barring exceptional circumstances, before a complaining prisoner may proceed with a § 1983 claim in federal court, the Prison Litigation Reform Act (PLRA) requires that he exhaust all available administrative remedies. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The Supreme Court has held that this provision requires "proper exhaustion" – that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Prisoners must exhaust all available

---

[1] Moreover, Plaintiff will again have the opportunity to respond to the exhaustion issue as to Defendant Graf through objections to this PFRD.

remedies even if those remedies "appear to be futile at providing the kind of remedy sought." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Plaintiff does not contend that he has properly exhausted administrative remedies as to any of his claims. Instead, Plaintiff requests that his failure to exhaust be waived because his administrative remedies were rendered unavailable either by his retaliatory transfer Plaintiff to the Penitentiary of New Mexico (PNM) or by the conditions of confinement at WNMCF, including Plaintiff's confinement in segregation. *Doc. 1* at 8.

A prisoner is only required to exhaust "available" remedies. *Tuckel v. Grover*, 660 F.3d 1249, 1252-3 (10th Cir. 2011). Where prison officials hinder a prisoner's access to administrative remedies, those remedies cease to be available and a prisoner's requirement to exhaust them is excused. *Id*. District courts are "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials" before dismissing a claim for failure to exhaust. *Aquilar–Avellaveda*, 478 F.3d at 1225.

> i. **Plaintiff's Transfers Did Not Hinder His Access to the Grievance Process**

Plaintiff makes the conclusory allegation that his transfers to and from WNMCF somehow inhibited his ability to pursue the grievance process. *Doc. 1* at 7. Plaintiff was transferred eight times between March 30, 2011, when he was initially incarcerated, and October 26, 2012, when he was initially paroled. He was transferred once after he

was returned to prison following a parole violation and when he was ultimately discharged. *Doc. 60*, Ex. A-1. Plaintiff has failed to explain how any of these transfers prevented him from filing a grievance. Plaintiff does not allege any details about how the transfers would have barred his access to the grievance process either at WNCMF or at the other facilities to which he was transferred. In fact, Plaintiff did use the grievance process on multiple occasions, and at least one grievance related to his treatment at WNCMF. *Id.* Ex. E, E-6,7.[2] There is no record of an appeal of these grievances, and therefore no evidence that he has exhausted administrative remedies as to those claims. *Id.* Ex. E. He further filed an opposition to the disciplinary action he experienced while housed at WNMCF when he failed to stand during a head count.[3] *Id.* Each of these actions indicates his awareness and ability to access various written administrative processes during his residency at WNCMF. *Id.*, Ex. E, E-1-3. In light of these facts, I find that Plaintiff's duty to exhaust administrative remedies cannot be excused on the basis of his transfers.

### ii. Plaintiff's Conditions of Confinement Did Not Hinder His Access to the Grievance Process

For the same reason, Plaintiff's argument that the conditions of confinement themselves prevented him from utilizing the grievance process is unavailing. *Doc. 1* at

---

[2] Plaintiff's grievance in relation to the fitting of his prosthesis lists the date of the event as "5/30/12(ongoing→) 8/20/12", and therefore includes a period of time while Plaintiff was housed at WNMCF from June 14-July 17, 2012. The response to said grievance indicates that Plaintiff was referred for further medical treatment.
[3] Plaintiff's opposition to this disciplinary action was ultimately successful, and he received no punishment for his apparent violation of prison policy. *Doc. 60,* Ex. E.

8. Again, Plaintiff provides no details about how the unhygienic situation in which he was allegedly placed prevented him from filing grievances. More importantly, as explained in the Section 2.A.i, the conditions of Plaintiff's confinement manifestly *did not* prevent Plaintiff from accessing various administrative processes, including the grievance process, on multiple occasions during the periods of his confinement at WNMCF and other New Mexico penal institutions. I cannot therefore excuse his failure to exhaust administrative remedies on this basis.

IV. CONCLUSION

For the forgoing reasons, I have found that Plaintiff has failed to demonstrate the requisite exhaustion of administrative remedies under the PLRA nor sufficient basis to excuse the failure to exhaust. I therefore recommend that, barring objections from Plaintiff demonstrating a legitimate basis for his failure to exhaust administrative remedies, Plaintiff's complaint be dismissed with prejudice as to Defendant Graf and the instant action be terminated.

_____
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**